2/26/2019 9:26 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31483698
By: Nelson Cucio
Filed 2/26/2019 9:26 AM

## 2019-14113 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| TRAVIS SAMMS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| STATE FARM COUNTY MUTUAL | § | |
| INSURANCE OF TEXAS | § | HARRIS COUNTY, TEXAS |
| *Defendant* | | |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRAVIS SAMMS, hereinafter called Plaintiff, complaining of and about STATE FARM COUNTY MUTUAL INSURANCE OF TEXAS, hereinafter called Defendant, and would show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

2. Plaintiff, TRAVIS SAMMS, is an Individual whose address is 4006 Cary Creek Dr., Baytown, TX 77521.

3. Defendant STATE FARM COUNTY MUTUAL INSURANCE OF TEXAS, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to section 5.201 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by personal delivery.

EX. A-1

### III. JURISDICTION AND VENUE

4.  The subject matter in controversy is within the jurisdictional limits of this court.

5.  This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.  Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7.  Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

8.  Venue in Harris County is proper in this cause under Section 1952.110(2) of the Texas Insurance Code because the accident occurred in said county.

### IV. FACTS

9.  On or about April 19, 2018, a motor vehicle accident involving Plaintiff and BRYAN HARRIS occurred when BRYAN HARRIS's negligently collided his motor vehicle into the motor vehicle being driven by Plaintiff, TRAVIS SAMMS.

10. As a direct and proximate cause of the accident, Plaintiff, TRAVIS SAMMS, sustained bodily injuries and property damage.

### V. CLAIM FOR UNDERINSURED/UNINSURED BENEFITS

11. On April 19, 2018, the date of the accident, TRAVIS SAMMS was covered by

insurance issued by Defendant, policy number 2912170B31-53A, issued for dates that include the date of said accident. This policy included coverage for underinsured/uninsured motorists. Plaintiff, TRAVIS SAMMS is a valid "covered person" under this policy as the insured.

12. Defendant was timely informed of the accident and that Plaintiff intended to make a claim under underinsured benefits in a letter dated April 20, 2018. Plaintiff took reasonable steps after the loss to restore himself back to health by obtaining and receiving medical attention and treatment.

13. Plaintiff sought recovery for bodily injuries sustained from BRYAN HARRIS. After using due diligence, Plaintiff discovered that BRYAN HARRIS was not covered under a valid insurance policy for the state of Texas at the time of the accident.

## VI. DAMAGES FOR PLAINTIFF, TRAVIS SAMMS

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, TRAVIS SAMMS was caused to suffer bodily injuries

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, TRAVIS SAMMS has incurred the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, TRAVIS SAMMS for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services at the time and place that the services were provided;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

  E. Loss of earnings in the past;

  F Loss of earning capacity which will, in all probability, be incurred in the future;

  G. Mental anguish in the past;

  H. Mental anguish in the future;

  I. Physical impairment sustained in the past; and

  J. Physical impairment which will, in all probability, be sustained in the future.

## VII. DEMAND FOR TRIAL BY JURY

16 Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## VIII. REQUEST FOR DISCLOSURE

17. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, TRAVIS SAMMS, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

4

Respectfully submitted,

Bergquist Law Firm

*[signature]*

By: _____
**JOSHUA DAWS**
Texas Bar No. 24101281
1333 West Loop S, Suite 1700
Houston, Texas 77027
Tel. (713) 655-8000
Fax. (713) 739-0000
jad@bergquistlawfirm.com
Attorney for Plaintiff
TRAVIS SAMMS

5